# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STANLEY RIMER,

          Plaintiff,

vs.

STATE OF NEVADA EX REL NEVADA DEPARTMENT IF CORRECTIONS, *et al.*

          Defendants.

Case No. 2:14-cv-00889-RFB-CWH

**ORDER**

      This matter is before the Court on Plaintiff's Motion to Allow Examination of Plaintiff's Medical and Dental Records (doc. # 19) and Motion for Appointment of Counsel (doc. # 20), both filed on December 11, 2014. Defendants filed responses to both motions on December 22, 2014. See Doc. # 22; Doc. # 23. Plaintiff did not file replies.

## BACKGROUND

      Plaintiff is a prisoner in the custody of the Nevada Department of Corrections and currently incarcerated at the Lovelock Correctional Center. On July 21, 2014, the Court entered a screening order finding that Plaintiff had pled sufficient facts to support his Eighth Amendment claim for deliberate indifference to his medical needs, and First Amendment claim for retaliation. See Doc. # 9. The Court's screening order also imposed a 90-day stay to allow the parties to participate in mediation. Id.; see also Doc. # 12. Then, on December 4, 2014, Defendants filed a status report indicating that settlement was not reached and that Defendants intended to proceed with this action. See Doc. # 17. The Court subsequently issued an order governing service in the instant case. See Doc. # 18.

## DISCUSSION

**1.     Motion to Allow Examination of Plaintiff's Medical and Dental Records (doc. # 19)**

      Plaintiff moves the Court to order Defendants to allow him to inspect his medical and dental

records. In response, Defendants assert that Plaintiff's request should be denied as moot because Plaintiff was provided an opportunity to review his records on December 18, 2014, one week after Plaintiff filed the instant motion.

Because Plaintiff was able to review the subject records, this Court denies Plaintiff's motion as moot.

**2.  Motion for Appointment of Counsel (doc. # 20)**

Plaintiff contends that exceptional circumstances exist warranting appointment of counsel in the instant case. In support, Plaintiff contends this case is complex, he is incarcerated at the Lovelock correctional facility that utilizes a request system to access legal materials and assistance, and during the November 21, 2014 settlement conference, "the State" discussed a "3-5 year stall in getting the case to trial, bombardment of motions for dismissal[], summary judgment, [and] schemes to minimize Plaintiff's suffering." Doc. # 20 at 2.

Defendants, in response, argue that Plaintiff's motion should be denied because no exceptional circumstances exist in the instant case. For example, Defendants argue that Koerschner v. Warden, 508 F.Supp.2d 849 (D. Nev. 2007), to which Plaintiff cites, fails to support Plaintiff's motion because Koerschner establishes that an exceptional circumstances determination is highly case specific, and the court in Koerschner actually refused to find that Lovelock's law library procedures were unconstitutional. Moreover, Defendants point out that Plaintiff neither alleges any delays in receiving legal materials or assistance through Lovelock's library request system, nor identifies those materials or assistance that Plaintiff was unable to obtain as a result of the request system. Defendants further point out that Plaintiff's attempt to use the confidential discussions at the early mediation conference not only violates this Court's order regarding confidentiality, see doc. # 12 at 3, but whatever representations made at the conference were requested by the mediator and offered honestly and in accord with defense counsel's experience and routine motion practice in § 1983 cases. Defendants also "strenuously deny" Plaintiff's assertion regarding Defendants' purported "scheming." Doc. # 23 at 4-5.

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Ageyman v.

Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates: (1) the likelihood of plaintiff's success on the merits, and (2) plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331. The court has considerable discretion in making these findings.

Upon review, this Court agrees with Defendants and finds that the exceptional circumstances necessary to justify appointment of counsel are not present. As Defendants rightly observe, Plaintiff fails to provide any evidence showing that Lovelock's law library procedures somehow deprived him of legal materials or assistance. Defendants also rightly point out that Plaintiff's attempt to use the confidential discussions at the early mediation conference violates this Court's order. Moreover, this Court finds no evidence showing that Defendants' representations at the conference were anything but made in good faith. This Court further finds that Plaintiff has previously demonstrated his ability to articulate his claims and the legal issues are not complex. So long as a pro se litigant is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" that might require the appointment of counsel do not exist. Wilborn, 789 F.2d at 1331 (emphasis added). Consequently, this Court finds no basis to appoint counsel in the instant case.

## CONCLUSION

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Allow Examination of Plaintiff's Medical and Dental Records (doc. # 19) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (doc. 20 ) is **denied without prejudice**.

DATED: January 2, 2015

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**