# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STANLEY RIMER, | ) |
| Plaintiff, | ) Case No. 2:14-cv-00889-RFB-CWH |
| vs. | ) **ORDER** |
| STATE OF NEVADA EX REL NEVADA DEPARTMENT IF CORRECTIONS, *et al.* | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff Stanley Rimer's ("Plaintiff") Motion to Order the State Attorney General to Disclose Served and Unserved Defendants (doc. # 29), and Plaintiff's Motion to Order the Clerk of Court to Serve Defendants or Increase Plaintiff's Copy Limit, and Motion to Extend Time for Service (doc. # 30), all filed January 14, 2015. Also before the Court is the State Attorney General's ("AG") amended notice of acceptance of service, filed January 20, 2015, and sealed notice of last known addresses, filed December 29, 2014.

## BACKGROUND

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections and currently incarcerated at the Lovelock Correctional Center. On July 21, 2014, the Court entered a screening order finding that Plaintiff had pled sufficient facts to support his Eighth Amendment claim for deliberate indifference to his medical needs, and First Amendment claim for retaliation. See Doc. # 9. The Court's screening order also imposed a 90-day stay to allow the parties to participate in mediation. Id.; see also Doc. # 12. Then, on December 4, 2014, the AG filed a status report indicating that settlement was not reached and that it intended to proceed with this action. See Doc. # 17. The Court subsequently issued an order governing service in the instant case. See Doc. # 18. Thereafter, the AG filed notices of acceptance of service, along with a sealed notice of the last known addresses for certain

defendants. See Docs. # 24, #25, # 31.

**DISCUSSION**

**1.      Motion to Disclose Served and Unserved Defendants (doc. # 29)**

Plaintiff asks the Court to order the AG to disclose the remaining unserved defendants. Following a review of the record, this Court finds that Plaintiff's request is moot because the AG has already disclosed the names of those unserved defendants. Indeed, the record reveals that all defendants have been served in this action except for Jamie Rainone ("Rainone"), Joyce Chang ("Chang"), Nicole Manley ("Manley"),[1] and Ms. Murphy ("Murphy"). The AG has submitted addresses for Rainone, Chang, and Manley under seal. However, the AG could not provide an address for Murphy because it has been unable to discern her identity. As such, the Court will require Plaintiff to provide further information regarding Murphy, including her full name and address, if Plaintiff wishes to effect service for this defendant.

**2.      Motion to Serve Defendants or Increase Plaintiff's Copy Limit (doc. # 30)**

Plaintiff also asks the Court to order the Clerk of Court to issue summons upon any named defendant who has not yet been served. The Court has reviewed the record, along with Plaintiff's motion, and finds that Plaintiff's request is appropriate with respect to Rainone, Chang, and Manley. Thus, the Court will direct the Clerk of Court to issue summons for these defendants. Given such, Plaintiff's request to increase his copy limit to allow him to serve various defendants is denied as moot.

**3.      Motion to Extend Time for Service (doc. # 30)**

Plaintiff further asks the Court to grant him an unspecified period of time to serve those unserved defendants. In determining Plaintiff's request, this Court turns to Rule 4(m) of the Federal Rules of Civil Procedure. Under Rule 4(m), service must be accomplished within 120 days from the date a court order is entered. According to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). However, "if the plaintiff shows good cause for the failure, the

---

[1] The AG believes that Plaintiff incorrectly sued Nicole Manley as "Nurse Nichole." See Doc. # 31 at 2.

court must extend the time for service for an appropriate period." Id.

Courts have broad discretion to extend time for service under Rule 4(m). Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2003). The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period." Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

The initial 120-day time period to effectuate service has passed. However, the Court finds that Plaintiff has been diligent in his ongoing efforts to serve the various defendants in this case. Consequently, Plaintiff's request for an extension of time to accomplish service will be extended for an additional sixty (60) days.

## CONCLUSION

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Order the State Attorney General to Disclose Served and Unserved Defendants (doc. # 29) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Order the Clerk of Court to Serve Defendants or Increase Plaintiff's Copy Limit (doc. # 30) is **granted in part and denied in part**. Plaintiff's motion to serve those unserved defendants is granted only with respect to Rainone, Chang, and Manley. Plaintiff's motion to increase his copy limit is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time for Service (doc. # 30) is **granted**. The time period for service under Rule 4(m) is extended for an additional sixty (60) days **until March 23, 2015**.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the full name and address for Murphy in a motion requesting issuance of summons, if Plaintiff wishes this defendant to be served.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue Summons to Jamie Rainone, Joyce Chang, and Nicole Manley, and shall deliver the Summons, Sealed Notice of Last Known Addresses (doc. # 25), a copy of the Amended Complaint (doc. # 6), and a copy of this Order to the U.S. Marshal Service.

**IT IS FURTHER ORDERED** that the Clerk of Court shall deliver three USM-285 forms to Plaintiff. Plaintiff shall have twenty-one days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty-one days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendants were served. If Plaintiff wishes to have service again attempted on an unserved Defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

DATED: January 22, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**