1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STANLEY RIMER,                                    )
                                                  )
                            Plaintiff,            )        Case No. 2:14-cv-00889-RFB-CWH
                                                  )
vs.                                               )        **ORDER**
                                                  )
STATE OF NEVADA EX REL NEVADA                     )
DEPARTMENT IF CORRECTIONS, *et al.*               )
                                                  )
                            Defendants.           )
_____)

This matter is before the Court on Plaintiff Stanley Rimer's ("plaintiff") Motion to Extend Time to Serve Unserved Defendants (doc. # 54), Motion to Increase Copy Limit (doc. # 55), and Motion to Have the State Pay for Service by Publication (doc. # 56), all filed March 11, 2015. Also before the Court is plaintiff's Motion for Clerk to Send Docket Sheet (doc. # 57), filed March 12, 2015.

## BACKGROUND

Plaintiff, proceeding pro se, is a prisoner in the custody of the Nevada Department of Corrections and currently incarcerated at the Lovelock Correctional Center. On July 21, 2014, the Court entered a screening order finding that plaintiff had pled sufficient facts to support his Eighth Amendment claim for deliberate indifference to his medical needs, and First Amendment claim for retaliation. See Doc. # 9. The Court's screening order also imposed a 90-day stay to allow the parties to participate in mediation. Id.; see also Doc. # 12. On December 4, 2014, the State Attorney General ("AG") filed a status report indicating that settlement was not reached and that it intended to proceed

with this action. <u>See</u> Doc. # 17. The Court subsequently issued an order governing service in the instant case. <u>See</u> Doc. # 18. Thereafter, the AG filed notices of acceptance of service, along with a sealed notice of the last known addresses for certain defendants. <u>See</u> Docs. # 24, #25, # 31. Plaintiff, on January 14, 2015, filed various motions, including motions to extend time for service and to serve those unserved defendants. <u>See</u> Doc. # 29; Doc. # 30. On January 22, 2015, the Court granted plaintiff's request to extend time for service and to serve three unserved defendants, namely, Jamie Rainone, Joyce Chang, and Nicole Manley. <u>See</u> Doc. # 32. The Court also instructed the Clerk of Court to issue summons for these three defendants and to deliver three USM-285 forms to plaintiff. Then, on February 27, 2015, the U.S. Marshal Service filed correspondence informing the Court that defendants were not served because plaintiff failed to timely return the USM-285 forms. <u>See</u> Doc. # 47. Thereafter, plaintiff filed the instant motions.

## DISCUSSION

**1.    Motion to Extend Time for Service (doc. # 54)**

Plaintiff asks the Court to grant him another 30 days to serve those unserved defendants. In determining plaintiff's request, this Court turns to Rule 4(m) of the Federal Rules of Civil Procedure. Under Rule 4(m), service must be accomplished within 120 days from the date a court order is entered. According to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." <u>Id</u>.

Courts have broad discretion to extend time for service under Rule 4(m). <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2003). The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." <u>Henderson v. United States</u>, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint <u>after</u> that 120-day period." <u>Mann v. American Airlines</u>, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m)

state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.  Generally, "good cause" is equated with diligence.  See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

Although the initial 120-day time period to effectuate service has passed, the Court notes it previously granted plaintiff an extension to serve the three unserved defendants until March 23, 2015. However, the Court recognizes that March 23rd is fast approaching and, as such, will grant plaintiff another 30 days to accomplish service.

**2.      Motion to Increase Copy Limit (doc. # 55)**

Plaintiff next asks the Court to increase his copy limit, claiming this increase will allow him to issue summons, along with copies of his complaint.

Plaintiff's request is denied as moot because the Court has already directed, and will again direct, the Clerk of Court to issue summons, along with copies of plaintiff's complaint, and deliver these documents to the U.S. Marshal Service.

**3.      Motion to Have the State Pay for Service by Publication (doc. # 56)**

Plaintiff also asks the Court to order the "State" to pay for service by publication in order to serve the three unserved defendants.

The Court finds that plaintiff fails to cite relevant authority or to provide a basis for his request. Moreover, this Court notes that service was never attempted on the three defendants because plaintiff failed to return the USM-285 forms to the U.S. Marshal Service.  Because plaintiff has failed to take all the steps necessary to serve the three defendants, and given that service by publication is utilized only as a last resort, this Court denies plaintiff's request.

**4.      Motion for Clerk to Send Docket Sheet (doc. # 57)**

Plaintiff further asks the Court for a free copy of the case docket sheet, claiming he requires the docket sheet to reference filings in this litigation and cannot afford to pay the docket sheet due to his indigence.

Plaintiff is advised that the Clerk of Court does not ordinarily provide free copies of case

documents to parties.  The Clerk of Court charges $ 0.10 per page for documents available on Pacer and $ 0.50 per page for documents not available on Pacer.  <u>See</u> 28 U.S.C. § 1914(b).  The fact that plaintiff is a prisoner and claims he is indigent does not entitle him to free copies of documents from the Court.  <u>See</u> <u>Sands v. Lewis</u>, 886 F.2d 1166, 1169 (9th Cir. 1990) (per curiam) <u>overruled on other grounds by</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 350-55 (1996) (prisoners have no constitutional right to free photocopy services).  To request a copy of the docket sheet, plaintiff would ordinarily be required to submit a request to the Clerk of Court, and then submit payment once plaintiff is informed of the copy costs.  However, in light of plaintiff's concern in staying informed about the filings submitted on the docket, along with the overall status of his case, the Court shall make a one-time exception and provide plaintiff with a free copy of the docket sheet.

## <u>CONCLUSION AND ORDER</u>

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Motion to Extend Time to Serve Unserved Defendants (doc. # 54) is **granted**.  The time period for service under Rule 4(m) is extended until **April 22, 2015**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Increase Copy Limit (doc. # 55) is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Have the State Pay for Service by Publication (doc. # 56) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Clerk to Send Docket Sheet (doc. # 57) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue Summons to Jamie Rainone, Joyce Chang, and Nicole Manley, and shall deliver the Summons, Sealed Notice of Last Known Addresses (doc. # 25), a copy of the Amended Complaint (doc. # 6), and a copy of this Order to the U.S. Marshal Service.

**IT IS FURTHER ORDERED** that the Clerk of Court shall deliver three USM-285 forms to plaintiff, along with a copy of the instructions for these forms.  Plaintiff shall have twenty-one days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty-one days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been

accomplished, plaintiff must file a notice with the Court identifying whether defendants were served. If plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

DATED: March 16, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

5