# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STANLEY RIMER,

            Plaintiff,

vs.

STATE OF NEVADA EX REL NEVADA
DEPARTMENT IF CORRECTIONS, *et al.*

            Defendants.

Case No. 2:14-cv-00889-RFB-CWH

**ORDER**

Before this Court are Plaintiff's motions (docs. # 41, # 45, # 62, # 64, # 68, # 69, # 70, # 75, # 104), Defendants' responses (docs. # 59, # 86, # 87, # 89, # 90, # 91, # 93), and Plaintiff's replies (docs. # 94, # 98, # 101, # 102, # 121).

**BACKGROUND**

Plaintiff, proceeding pro se, is a prisoner in the custody of the Nevada Department of Corrections and currently incarcerated at the Lovelock Correctional Center. On July 21, 2014, the Court entered a screening order finding that plaintiff had pled sufficient facts to support his Eighth Amendment claim for deliberate indifference to his medical needs, and First Amendment claim for retaliation. See Doc. # 9. The Court's screening order also imposed a 90-day stay to allow the parties to participate in mediation. Id.; see also Doc. # 12. On December 4, 2014, the State Attorney General ("AG") filed a status report indicating that settlement was not reached and that it intended to proceed with this action. See Doc. # 17. The Court subsequently issued orders governing service in the instant case. See Doc. # 18; Doc. # 60.

**DISCUSSION**

**1.    Motion to Reconsider Prior Order (doc. # 41)**

Plaintiff asks the Court to reconsider its prior order (doc. # 26) denying as moot Plaintiff's request to access his medical and dental records, and denying his request for appointment of counsel. With respect to Plaintiff's request for appointment of counsel, Plaintiff contends he lacks knowledge regarding medical issues and expert witnesses, and lacks access to related materials in the prison law library, which entitles him to counsel in the instant case.

Upon review, the Court finds that Plaintiff fails to provide a viable basis for this Court to reconsider its prior order. Firstly, any questions or issues with the medical or dental records produced by Defendants as part of discovery should be directed to Defendants, not this Court. Secondly, this Court finds that the exceptional circumstances necessary to justify appointment of counsel are not present in this case. Plaintiff has previously demonstrated his ability to articulate his claims, has filed various motions and cited to relevant authority despite his purportedly limited knowledge and access to legal and other materials in the prison law library, and the legal issues in this case are not complex. So long as a pro se litigant is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" that might require the appointment of counsel do not exist. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Ageyman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). As such, this Court denies plaintiff's request.

**2.    Motion for Prospective Relief (doc. # 45) and Staying the Decision (doc. # 104)**

Plaintiff filed his motion for prospective relief (doc. # 45) on February 25, 2015, which was fully briefed by the parties. However, Plaintiff subsequently filed a motion to stay this Court's decision (doc. # 104) on the motion for prospective relief (doc. # 45), claiming he is awaiting materials that would lend support to his assertions in that motion.

This Court denies Plaintiff's request to stay the Court's decision (doc. # 104), and directs Plaintiff to file his motion for prospective relief, complete with supporting materials, when he has obtained the necessary information to support his motion. The Court further denies the pending motion for prospective relief (doc. # 45) without prejudice.

//

**3.     Motion for Order to Show Cause to Send Medical Files Under Seal (doc. # 62)**

Plaintiff asks the Court to order the Nevada Department of Corrections ("NDOC") to produce Plaintiff's medical/dental records under seal, at the state's expense and with oversight from this Court. Plaintiff also asks the Court to order the NDOC to provide a letter authenticating every record produced.

Defendants, in response, ask the Court to deny Plaintiff's motion as premature and meritless because: (1) Plaintiff's medical records are available for his review, (2) Plaintiff has not made a discovery request regarding his medical records or raised issues of authenticity with Defendants, and (3) Plaintiff fails to explain why this Court should oversee his medical records and why he is entitled to copies at state expense.

In reply, Plaintiff contends that his prior access to medical records was "worthless" because he could not afford to make copies of the records, and was not allowed to take notes while reviewing the records.

This Court grants Plaintiff's motion in part. Specifically, the Court grants Plaintiff's request to either take notes while accessing his medical records, or have Defendants provide Plaintiff with copies of these records at state expense if Plaintiff is prohibited from taking notes while accessing the records. However, the Court denies Plaintiff's request for this Court to oversee and seal his medical records.

**4.     Motion for Court Clerk to Provide Copies of Judicial Notices (doc. # 64)**

Plaintiff asks the Court to order the Clerk of Court to send copies of his judicial notices (docs. # 42, # 44) relating to his motion for prospective relief (doc. # 45) to the U.S. Attorney General.

Presumably, Plaintiff meant to have copies of the judicial notices sent to the Nevada Attorney General's office, which represents Defendants in the instant case. Nevertheless, because this Court denied, without prejudice, Plaintiff's motion for prospective relief (doc. # 45),[1] this Court denies the instant motion as moot.

//

//

---

[1] See section 2 of this order.

3

### 5. Omnibus Motion Regarding Service and Court Filings (doc. # 68)

Plaintiff asks the Court to order Defendants to disclose, within 10 days, any filings they have not been served with, and to serve Defendants with any filings Defendants claim they have not been served with. Plaintiff contends this relief is warranted because he is indigent and Defendants have prevented him from making copies needed to effect service.

Defendants, in response, argue that Plaintiff's motion lacks merit and should be denied because: (1) Plaintiff's indigent status does not excuse him from complying with the service requirements for litigants in federal court, as outlined in Federal Rule of Civil Procedure 5, (2) the instant motion fails to identify a dispute regarding service that would warrant the disclosure of Defendants' position on any, much less all, filings, (3) inmates do not have a right to free and unlimited photocopying, though they may accrue up to $100 in debt for copy expenses, and (4) Plaintiff's excessive filings in this case indicate a lack of good cause to extend the debt limit for copy expenses.

In reply, Plaintiff restates his earlier assertions. Plaintiff also contends that his requests are proper in light of the "schemes of the state."

Upon review of the parties' briefs, along with the entire record in the instant case, the Court agrees with Defendants and denies Plaintiff's motion.

### 6. Motion to Increase Interrogatories to 25 (doc. # 69)

In his unopposed motion, Plaintiff asks the Court to allow him to ask each Defendant 25 interrogatories. Federal Rule of Civil Procedure 33(a) allows "a party... [to] serve on any other party no more than 25 written interrogatories, including all discrete subparts." Given such, Plaintiff's motion is granted.

### 7. Motion for Deposition by Court-Appointed Person (doc. # 70) and 2nd Reply (doc. # 102)

Plaintiff asks the Court to appoint a person to conduct written depositions of each Defendant in the instant case. Defendants, in response, argue that Plaintiff misapprehends Federal Rule of Civil Procedure 31, which allows parties to conduct such depositions without leave of court, except as provided by Rule 31(a)(2). To the extent Plaintiff is asking to conduct written depositions pursuant to Rule 31(a)(2) at state expense, Defendants argue the motion should be denied because indigent

plaintiffs are not entitled to free services and the U.S. Supreme Court, in Lewis v. Casey, 518 U.S. 343 (1996), held that states do not have an affirmative obligation to finance and support prisoner litigation. Defendants add that because Plaintiff has repeatedly informed the Court he is indigent and unable to pay for litigation expenses, Plaintiff should be required to make a showing he is able and willing to retain the officer described in Rule 31 to take responses and prepare the record before conducting written depositions.

In reply, Plaintiff contends the Court should grant his request because it will reveal "corruption" and prevent injustice in the instant case. Plaintiff also filed a second reply, doc. # 102.

The Court agrees with Defendants, and finds that Plaintiff fails to address the issue of retention and costs, and fails to offer any viable reasons for granting his request. As such, the Court denies the instant motion, and directs the Clerk of Court to strike Plaintiff's improperly filed second reply, doc. # 102.

**8.    Motion to File Memorandums of Interrogatories Due to Deceptive Conduct (doc. # 75)**

Plaintiff asks the Court leave to file interrogatories on the record to ensure service on Defendants because they may deny receipt of the interrogatories and attempt to "sabotage" the instant case.

Defendants, in response, argue that Plaintiff's motion is meritless because this Court previously instructed Plaintiff that Local Rule 26-8 prohibits parties from filing discovery motions with the Court (see doc. # 71), and Plaintiff is required to comply with the rules like any other litigant in federal court. Defendants also deny any intention to sabotage this case, and argue that if Plaintiff desires to have proof of mailing of a particular discovery request, he can arrange to serve Defendants via certified mail with a return receipt requested.   Plaintiff did not file a reply.

This Court finds no viable basis for Plaintiff's request and, as such, denies the instant motion.

**CONCLUSION AND ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider Prior Order (doc. # 41) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Prospective Relief (doc. # 45) is **denied without prejudice**. Plaintiff shall file his motion, complete with supporting materials, only

1 | when he has obtained the necessary information to support his motion.

2 |     **IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay the Decision on the Motion for
3 | Prospective Relief (doc. # 104) is **denied**.

4 |     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause to Send
5 | Medical Files Under Seal (doc. # 62) is **granted in part and denied in part**. The Court grants
6 | Plaintiff's request to either take notes while accessing his medical records, or have Defendants provide
7 | Plaintiff with copies of these records at state expense if Plaintiff is prohibited from taking notes while
8 | accessing the records.

9 |     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Clerk to Provide Copies of
10 | Judicial Notices (doc. # 64) is **denied as moot**.

11 |     **IT IS FURTHER ORDERED** that Plaintiff's Omnibus Motion Regarding Service and Court
12 | Filings (doc. # 68) is **denied**.

13 |     **IT IS FURTHER ORDERED** that Plaintiff's Motion to Increase Interrogatories to 25 (doc.
14 | # 69) is **granted**.

15 |     **IT IS FURTHER ORDERED** that Plaintiff's Motion to Conduct Deposition by Court-
16 | Appointed Person (doc. # 70) is **denied**. The Clerk of Court is directed to **strike** doc. # 102 as an
17 | improperly filed second reply.

18 |     **IT IS FURTHER ORDERED** that Plaintiff's Motion to File Memorandums of Interrogatories
19 | Due to Deceptive Conduct (doc. # 75) is **denied**.

20 | DATED: May 1, 2015

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**