# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STANLEY RIMER,

           Plaintiff,

vs.

STATE OF NEVADA EX REL NEVADA DEPARTMENT IF CORRECTIONS, *et al*.

           Defendants.

Case No. 2:14-cv-00889-RFB-CWH

**ORDER**

    Before this Court are Plaintiff's motions (docs. # 78, # 79, # 80, # 81, # 83,# 85), Defendants' responses (docs. # 108, # 109, # 110, # 111, # 113, # 115), and Plaintiff's replies (docs. # 118, # 119, # 132, # 136, # 138, # 142).

## BACKGROUND

    Plaintiff, proceeding pro se, is a prisoner in the custody of the Nevada Department of Corrections and currently incarcerated at the Lovelock Correctional Center. On July 21, 2014, the Court entered a screening order finding that plaintiff had pled sufficient facts to support his Eighth Amendment claim for deliberate indifference to his medical needs, and First Amendment claim for retaliation. See Doc. # 9. The Court's screening order also imposed a 90-day stay to allow the parties to participate in mediation. Id.; see also Doc. # 12. On December 4, 2014, the State Attorney General ("AG") filed a status report indicating that settlement was not reached and that it intended to proceed with this action. See Doc. # 17. The Court subsequently issued orders governing service in the instant case. See Doc. # 18; Doc. # 60.

**DISCUSSION**

**1.     Motion for U.S. Marshal to Serve Interrogatories (doc. # 78)**

Plaintiff moves the Court to order the U.S. Marshal Service to serve Defendants with Plaintiff's requests for interrogatories because Plaintiff is indigent.

Defendants, in response, ask the Court to deny Plaintiff's request because Plaintiff: (1) fails to cite any authority in support of his request; (2) is not excused from complying with the general service requirements for litigants in federal court, even though he is indigent; and (3) fails to show good cause why the Court should consider extending Plaintiff's debt limit, especially since Plaintiff has filed numerous, unnecessary, and duplicative motions in this case that unfairly monopolize Defendants and the Court's resources.

In reply, Plaintiff contends the Court can choose to grant his motion even if it does not cite proper authority, and he should be extended a greater debt limit as in the case of a prisoner in state court.

The Court agrees with Defendants. The Court also notes that Plaintiff is operating under the misconception that this Court will grant an unsupported motion. The Court dispels Plaintiff's misconception with this order, which denies Plaintiff's motion for failing to offer a legal and factual basis for the request.

**2.     Motion to Cause Answer to Interrogatories (doc. # 79)**

Plaintiff moves the Court to compel Defendants to respond to interrogatories he served upon them within 30 days of service. Plaintiff also moves the Court to compel Defendants Rainone, Chang, and Manley to answer interrogatories within 30 days of service, and send answers to Plaintiff via certified mail.

Defendants, in response, ask the Court to deny Plaintiff's motion because he fails to cite any authority in support of his motion. Defendants also point out that Federal Rule of Civil Procedure 33(b)(2) clearly states that a party must serve its answers within 30 days of being served with interrogatories. Defendants further point out that Plaintiff has failed to serve Defendants Chang and Manley, as evidenced by docs. # 88 and # 100 on the record.

//

1  In reply, Plaintiff contends that Defendants are "deviating" from Federal Rule of Civil Procedure 33(b)(2), and while Defendants Chang and Manley have not yet been served, the remaining Defendants should comply with Rule 33(b)(2).

This Court notes that Plaintiff has filed the instant motion without citing to proper authority. This Court also notes that Defendants Chang and Manley have not been served in this case and, thus, are not proper parties for purposes of this litigation. Moreover, this Court finds that Plaintiff has filed the instant motion prematurely because Federal Rule of Civil Procedure 33(b)(2) makes clear that Defendants have 30 days in which to respond to Plaintiff's interrogatories. As such, Plaintiff's motion is denied.

**3.   Motion for Correspondence with Inmate Witnesses (doc. # 80)**

Plaintiff asks the Court to order the Nevada Department of Corrections ("NDOC") to allow Plaintiff and his inmate witnesses to have unobstructed correspondence relating to this case. Plaintiff also asks the Court to direct the prison law library supervisor at Lovelock Correctional Center "to accept and send legal mail presented to or from Plaintiff's inmate witnesses... as well [..] as legal mail, and to allow Plaintiff to make copies at state expense.

Defendants, in response, ask the Court to deny Plaintiff's motion as meritless because Plaintiff: (1) appears to be attempting to circumvent prison administrative regulations governing correspondence between inmates; (2) does not assert that he has made any effort to obtain authorization to correspond with other inmates through channels available to him at the prison, to show this Court's intervention is warranted at this time; (3) fails to provide specific details regarding the identities of the inmates or the reasons why he needs to have unobstructed correspondence with these inmates to adequately litigate his case; (4) fails to show good cause why his debt limit should be extended by failing to account for how he has spent the money allotted to him, and by failing to explain in detail his future copy requirements; and (5) has filed numerous, unnecessary, and duplicative motions thus far, which has unfairly monopolized the resources of both Defendants and the Court.

In reply, Plaintiff contends that his request should be granted because his current situation "invites Defendant[s] to tamper with [his] legal correspondence," and he is entitled to his request to avoid a miscarriage of justice in the instant case.

1    This Court agrees with Defendants. It is also unclear to this Court why Plaintiff's current situation "invites Defendant[s] to tamper with [his] legal correspondence," and why this Court should grant Plaintiff's request when he fails to provide a proper legal and factual basis for that request. As such, Plaintiff's motion is denied.

**4.    Motion Authorizing Photos from Inmate Witnesses (doc. # 81)**

Plaintiff asks the Court to order the NDOC to take, and provide him with, digital photographs of "any requested medical condition or dental condition" of an inmate for the purpose of "demonstrat[ing] continual injury, non-compliant state actors, inadequate medical/dental care, in support of Plaintiff's allegations that not all prisoners are being provided constitutional minimums" of medical or dental care.

Defendants, in response, ask the Court to deny Plaintiff's motion as meritless because: (1) Plaintiff fails to provide legal authority in support of his motion; (2) this case is not a class action and so the alleged injuries of other inmates is irrelevant; and (3) the request is highly burdensome in that it seeks to require NDOC medical personnel at all prisons state-wide to take photographs of "any requested" inmate medical or dental conditions.

In reply, Plaintiff contends he has a legal basis for acquiring the requested discovery, and admits the instant case is not a class action. Plaintiff also contends his request is not burdensome, and the requested information is relevant.

This Court notes that while Plaintiff claims he has a legal basis for the requested discovery, he fails to cite any relevant authority in support of his request. This Court also notes that Plaintiff himself admits the instant case is not a class action and so the alleged injuries of other inmates is irrelevant to this litigation. Moreover, this Court notes that while Plaintiff declares his request is not burdensome, he fails to provide evidence demonstrating such. Because no viable basis exists to grant Plaintiff's request, this Court denies the instant motion.

**5.    Motion for Order of Non-Obstruction or Retaliation (doc. # 83)**

Plaintiff asks the Court to enter an order prohibiting NDOC "from non-obstruction of requested records that reveal or hold information to expose constitutional violations of state actors, and prohibiting retaliatory acts against the Plaintiff and inmate witnesses who are called to testify or

4

1  expose state actors."

2  Defendants, in response, argue that Plaintiff's motion lacks merit and should be denied because
3  Plaintiff fails to provide a legal basis, or any justification, for his motion. Defendants also point out
4  that the inmate grievance system is available to an inmate who believes he is subject to retaliation or
5  obstruction.

6  In reply, Plaintiff contends that because NDOC officials "are known to engage in repeated
7  instances of retaliation as addressed in published reports" such as the Prison Legal News, his request
8  is justified.

9  Because Plaintiff fails to provide any facts demonstrating that Defendants have engaged in
10 retaliatory or obstructionist conduct in this case, and fails to assert and provide evidence showing he
11 has made an effort to utilize the inmate grievance system before turning to this Court, the Court denies
12 the instant motion.

### 6. Motion for Inspector General Investigation (doc. # 85)

Plaintiff asks the Court to order the U.S. Inspector General to conduct an investigation of state records, along with grievances lodged by Nevada prisoners, regarding non-compliance of constitutional minimums of medical and dental care, as part of discovery in the instant case.

Defendants, in response, argue that Plaintiff's motion lacks merit and should be denied because even if Plaintiff's request were within the purview of the offices of the U.S. Inspector General, Defendants are aware of no legal basis to support Plaintiff's request, and Plaintiff has provided none in his motion. Defendants also argue that this is not a class action and therefore the alleged injuries of other inmates is irrelevant to the instant case. Defendants further argue that Plaintiff's request is extraordinarily burdensome because he seeks investigation into "thousands of instances" of alleged misconduct.

In reply, Plaintiff contends that Defendants' opposition "must... be viewed as a means to obstruct" Plaintiff's efforts to obtain relevant evidence. Plaintiff also admits the instant case is not a class action, but claims his request is relevant to this litigation.

The Court agrees with Defendants, and again finds no viable basis to grant Plaintiff's request. As such, the instant motion is denied.

**7.      Sanctions**

The Court observes that Plaintiff has excessively filed meritless discovery-related motions in the instant case, which has unfairly monopolized the resources of Defendants and this Court. The Court warns Plaintiff that he will be sanctioned if he continues to excessively file meritless discovery-related motions on the record.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for U.S. Marshal to Serve Interrogatories (doc. # 78) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Cause Answer to Interrogatories (doc. # 79) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Correspondence with Inmate Witnesses (doc. # 80) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Authorizing Photos from Inmate Witnesses (doc. # 81) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order of Non-Obstruction or Retaliation (doc. # 83) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Inspector General Investigation (doc. # 85) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff will be subject to sanctions if he continues to excessively file meritless discovery-related motions on the record.

DATED: May 18, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**