# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| STANLEY RIMER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:14-cv-00889-RFB-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE OF NEVADA EX REL NEVADA DEPARTMENT IF CORRECTIONS, *et al.* | ) ) ) | |
| Defendants. | ) | |

Before this Court are Plaintiff's motions (docs. # 150, # 156, # 157, # 158, # 168, # 169, # 170, # 177, # 179), and Defendants' responses (docs. # 171,  # 180, # 181, # 182, # 185, # 186, # 187, # 188). Plaintiff did not file replies.

## BACKGROUND

Plaintiff, proceeding pro se, is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") and currently incarcerated at the Lovelock Correctional Center. On July 21, 2014, the Court entered a screening order finding that plaintiff had pled sufficient facts to support his Eighth Amendment claim for deliberate indifference to his medical needs, and First Amendment claim for retaliation. See Doc. # 9. The Court's screening order also imposed a 90-day stay to allow the parties to participate in mediation. Id.; see also Doc. # 12. On December 4, 2014, the State Attorney General ("AG") filed a status report indicating that settlement was not reached and that it intended to proceed with this action. See Doc. # 17. The Court subsequently issued orders governing service in

the instant case. See Doc. # 18; Doc. # 60.

**DISCUSSION**

**1.    Motion for Order to Produce Medical Records (doc. # 150)**

Plaintiff moves the Court to enter an order requiring the Clark County Detention Center ("CCDC") to produce and send Plaintiff's medical and dental records to the Lovelock Correctional Center where Plaintiff is incarcerated.

Defendants, in response, ask the Court to deny Plaintiff's motion as meritless because Plaintiff does not assert that he has attempted to obtain the records by subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), and the discovery period is set to close in the instant case. Plaintiff did not file a reply.

This Court agrees with Defendants and therefore denies the instant motion.

**2.    Motion to Annex Court Records (doc. # 156)**

Plaintiff moves the Court to "annex" exhibits filed in connection with Defendants' petition for removal "into the general record as a separate compilation of exhibits" because "he has no ability to recreate the exhibits due to obstruction of copy access" and to prevent "some sort of argument later of some rule hidden deep in the layer of rules unbeknown to Plaintiff." Doc. # 156 at 2-3.

Defendants, in response, ask the Court to deny Plaintiff's motion as an improper attempt to elicit legal advice from Defendants or the Court, and because Plaintiff fails to offer any authority in support of his motion. Defendants further point out that Plaintiff fails to show an increase in his copy debt limit is warranted. Plaintiff did not file a reply.

The Court finds no viable basis to "annex" exhibits to Defendants' petition for removal. If Plaintiff wishes to refer to these exhibits in a pleading, he may do so by citing the docket numbers and page numbers of these exhibits. Thus, the instant motion is denied.

**3.    Motion to Extend Time re: Admissions of Discovery (doc. # 157)**

Plaintiff moves the Court to extend discovery by "3-6 months or until Plaintiff amends his complaint" so he can "construct" additional requests for admission. Plaintiff states that additional time is necessary because he has not yet received responses to his interrogatories.

Defendants, in response, claim they have recently mailed Plaintiff the interrogatory responses

of Defendant Nash and are diligently working on the responses of Defendant Dreesen. Defendants also ask the Court to deny Plaintiff's motion because Plaintiff's stated intent to serve Defendants with 8 extra sets of requests (i.e., sets 2-10 cited in Plaintiff's motion), for a total of ten separate sets of requests, is "excessive and goes well beyond what is reasonable in a relatively straightforward inmate civil rights action of this type." Doc. # 182 at 2. Defendants add that Plaintiff's motion appears to be a means for annoying or harassing Defendants, especially when considered in light of Plaintiff's excessive filings in this case. Plaintiff did not file a reply.

A review of the record reveals that this Court previously granted Defendants' motion to respond to Plaintiff's already-served and future interrogatories thirty dates after the Court rules on Defendants' pending motion to dismiss (doc. # 35). See Doc. # 183. As such, the Court denies the instant motion as moot.

**4.     Motion for an Order to Allow Tooth X-Rays (doc. # 158)**

Plaintiff asks the Court to enter an order allowing him, or requiring the NDOC, to send his tooth x-ray to an outside dentist of his choice for a second opinion as to whether the tooth can be repaired.

In response, Defendants ask the Court to deny Plaintiff's motion as meritless because Plaintiff fails to cite any authority in support of his motion and fails to explain how he will pay for the second opinion given his indigent status, especially since the state has no obligation to finance or support prisoner litigation pursuant to Lewis v. Casey, 518 U.S. 343, 384-85 (1996). Plaintiff did not file a reply.

This Court agrees with Defendants and therefore denies the instant motion.

**5.     Motion to Extend Time to Serve Defendants (doc. # 168)**

Plaintiff asks the Court to issue an order extending the time for Plaintiff to serve his requests for admissions, claiming the time is needed because he inadvertently sent his requests of admission to the Court instead of serving them on Defendants. Plaintiff notes that he spoke to defense counsel on May 21, 2015 and that defense counsel indicated that Defendants "wanted service [of the requests of admission] through the mail."

Defendants, in opposition, contend that the instant motion should be denied because discovery

is now closed and the record reveals that Plaintiff was on notice that discovery documents could not be filed with the Court since March 15, 2015. See Doc. # 185 at 3 (citing doc. # 53 (scheduling order states all discovery must be completed by June 7, 2015) and doc. # 63 (discovery documents improperly sent to the Court were returned to Plaintiff)). Defendants add that while they were able to access the requests for admission at issue on the record, Plaintiff himself admits that defense counsel contacted Plaintiff as a courtesy shortly after Plaintiff improperly filed his requests for admission, with defense counsel informing Plaintiff, among others, that Defendants would not waive the service requirement. Plaintiff did not file a reply.

This Court again agrees with Defendants and denies the instant motion.

**6.     Motion for Return of docs. # 153 and # 164 (doc. # 169)**

Because the Court denies Plaintiff's motion to extend the time to serve Defendants with the requests for admission at issue, this Court denies the instant motion as moot.

**7.     Motion for Acknowledgment of Service (doc. # 170)**

Moreover, in light of this Court's denial of Plaintiff's motion to extend the time to serve the requests for admission, the instant motion to order Defendants to accept service for these requests for admission is denied as moot.

**8.     Motion for Reconsideration of Order # 134 (doc. # 177)**

Plaintiff asks the Court to reconsider denial of his discovery motions, claiming the Court's denial "demonstrate[s] judicial bias and prejudice," obstructs justice, and infringes on fairness and his "liberty interests in conducting discovery." Doc. # 177 at 3-7. Plaintiff adds that he has provided the requisite legal foundation and support for each of his motions, which requires this Court to grant his motions.

Defendants, in response, contend that Plaintiff fails to demonstrate that reconsideration is warranted because neither the U.S. Constitution, nor federal law, entitles Plaintiff to engage in discovery that is not authorized by the FRCP. According to Defendants, this Court has already determined that many of Plaintiff's discovery motions were meritless and unfairly monopolized the resources of Defendants and the Court. Defendants further contend that Plaintiff offers no persuasive argument that this Court abused its discretion or overlooked any controlling authority in denying his

motions. Plaintiff did not file a reply.

A review of the instant motion reveals that Plaintiff restates many of the arguments he already presented in the discovery motions at issue. These assertions were unsupported by law and/or the federal rules, and therefore denied on those bases. The fact that Plaintiff disagrees with the Court's decision, but fails to present a legitimate basis for this Court to reconsider its decision, does not entitle Plaintiff to relief. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985); Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Khan v. Fasano, 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001). As such, Plaintiff's motion is denied.

**9. Motion for Reconsideration of Order # 165 (doc. # 179)**

In his motion, Plaintiff again attacks the integrity of the Court, then launches into a lengthy argument as to why he believes the Court erred in denying his motions.

Like his previous motion for reconsideration, the instant motion restates many of the arguments Plaintiff presented in the discovery motions at issue. Because these motions were unsupported by law and/or the federal rules, this Court denied the motions and now finds no viable basis to reconsider its decision.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Order to Produce Medical Records (doc. # 150) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Annex Court Records (doc. # 156) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time re: Admissions of Discovery (doc. # 157) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Order to Allow Tooth X-Rays (doc. # 158) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Serve Defendants (doc. # 168) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Return of docs. # 153 and # 164 (doc. # 169) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Acknowledgment of Service (doc. # 170) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of doc. # 134 (doc. # 177) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of doc. # 165 (doc. # 179) is **denied**.

DATED: July 20, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**