UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STANLEY RIMER,<br><br>              Plaintiff,<br><br>       v.<br><br>STATE OF NEVADA *ex rel.* NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>              Defendants. | Case No. 2:14-cv-00889-RFB-CWH<br><br>**<u>ORDER</u>** |

## I.   INTRODUCTION

This case is before the Court on various motions, including a motion to dismiss and several motions to amend the complaint. On September 30, 2015, following a hearing on the motions, the Court granted Defendants' Motion to Dismiss (ECF No. 35), partially granted Plaintiff's motions to amend the complaint, and ruled on the remaining outstanding motions. In this Order, the Court sets forth its reasoning for its ruling on the motion to dismiss and reconsiders its ruling on Plaintiff's motions to amend the complaint. For the reasons given below, the motions to amend are denied.

## II.   BACKGROUND

Plaintiff Stanley Rimer is currently in the custody of the Nevada Department of Corrections (NDOC) and is housed at Lovelock Correctional Center. Rimer sues multiple Defendants for events that took place while he was incarcerated at High Desert State Prison (HDSP).

### A. Alleged Facts

The Court recited the facts alleged by Rimer in its Screening Order issued on July 21, 2014.

ECF No. 9. In the interest of clarity, the Court will restate the alleged facts here.

In May 2012, Rimer began experiencing pain, swelling, and infection from a molar that needed filling and a broken crown on another tooth. Rimer first made requests in June 2012 for dental treatment for his molar and crown. Initially, HDSP administrators and medical/dental providers refused to respond to Rimer's requests. Rimer suffered ongoing physical pain, bleeding, swelling, and infections for months while awaiting a response. The dental intake staff told Rimer that it could take up to one year for him to be seen. Rimer waited for eight months before initiating another dental treatment request in May 2013, at which time he informed HDSP dental providers of reoccurring physical pain, swelling, bleeding, and infection. HDSP dental providers did not respond to Rimer's second request until approximately July 7, 2013.

On July 4, 2013, Rimer submitted a "legal notice" to Dr. Hansen at HDSP along with another kite requesting treatment. Rimer also submitted the legal notice to Defendants Sandoval, Masto, Miller, Cox, McDaniel, Neven, and Wickham. The notice informed these Defendants of the alleged deprivations of proper dental treatment at HDSP. After Rimer had sent the legal notice, Dwight Neven, Warden of HDSP, responded to Rimer's kite and instructed him to submit a kite to the medical department to be seen. On July 17, 2013, Rimer saw Dr. Hansen for dental treatment. By that time, Rimer's molar needed to be extracted. Dr. Hansen refused to treat Rimer's second molar and bleeding gums during that visit and told him to file another kite for those other dental needs. Rimer was seen for his other molar on July 30, 2013, at which time Dr. Hansen also recommended an extraction for that tooth.

Rimer also alleges that he notified HDSP medical staff in 2012 of a ringing/pulsating noise in his left ear that had been worsening over time. Several HDSP doctors gave differing explanations as to what could be causing Rimer's symptoms, but none gave any treatment. In February 2014, Rimer was seen at Lovelock Correctional Center ("Lovelock") for his ear and was immediately prescribed a beta blocker medication. The doctor at Lovelock informed Rimer that his blood pressure "needed to get under control and was the cause of the pain and swooshing for over a year and a half." Am. Compl. at 3(f). Rimer alleges that during this 18- to 20-month period of non-treatment, he suffered from serious risks of heart attack, stroke, and death.

Rimer further alleges that on two separate instances, he was denied proper medication for several months, even though the medication had already been prescribed to him. First, Defendants failed to refill his Amlodopine prescription for two and a half months beginning on May 15, 2013, despite Rimer filing several kites regarding the refill. Second, Defendants delayed several months in filling his prescription for an ointment to treat his psoriasis, a skin condition that caused his skin to bleed, crack, and become inflamed.

Finally, Rimer alleges that Dr. Lee subjected him to an unnecessary risk of permanent psychological damage by prescribing him Risperdal and representing to him that the drug was solely a sleeping aid. Rimer alleges that the drug actually contains psychotropic properties and was used primarily for schizophrenic patients.

**B. Procedural History**

Rimer filed his original Complaint on March 10, 2014, and Defendants removed the action to this Court on June 6, 2014. Pet. for Removal, ECF No. 1. On June 30, 2014, Rimer filed an Amended Complaint to add additional factual allegations. ECF No. 6.

In his Amended Complaint, Rimer names 22 individuals as Defendants. The individual Defendants are employed in various capacities within NDOC. Certain Defendants are employed in HDSP's medical department, while others are wardens or assistant wardens at HDSP. Rimer also sues Prison Commissioners Brian Sandoval, Catherine Cortez Masto, and Ross Miller, as well as NDOC Director James Cox and Assistant NDOC Director E.K. McDaniel.[1] Rimer alleged six counts in his Amended Complaint. Counts IV and V were dismissed with prejudice at the screening stage. Further, Count VI was recently dismissed on August 3, 2015 for failure to effect timely service as required by Rule 4(m) of the Federal Rules of Civil Procedure. See Order, ECF No. 195.

Therefore, the remaining claims in Rimer's Amended Complaint are Counts I, II, and III, which the Court construed in its Screening Order as a claim for deliberate indifference to serious medical needs under the Eighth Amendment to the U.S. Constitution. Screening Order at 6-7.

---

[1] Rimer also named the State of Nevada on behalf of NDOC and HDSP. However, these entities were dismissed with prejudice in the Court's Screening Order. ECF No. 9.

1   On August 31, 2015, the Court held a hearing on a series of outstanding motions filed by the parties. Minutes of Proceedings, ECF No. 202. The Court ruled on certain motions on the record at the hearing and took the remaining motions under submission. On September 30, 2015, the Court issued a Minute Order ruling on the remaining motions and stated that it would issue a written order providing further detail on these rulings. ECF No. 205. This Order further explains the Court's September 30 ruling. The Court also reconsiders its ruling on Plaintiff's motions to amend, finding that leave to amend should be denied as to the defendants named in the motion to dismiss.

### III.  LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### IV.  ANALYSIS

After review of the parties' briefs, the Court finds that Defendants' Partial Motion to Dismiss must be granted. Moreover, the Court concludes that further amendment would be futile as to the claims and defendants identified in the Partial Motion to Dismiss, and denies Rimer's motions to amend his complaint on that basis.

**A. Defendants' Partial Motion to Dismiss (ECF No. 35)**

In their motion, Defendants request dismissal of all claims for monetary damages against

- 4 -

1  Defendants in their official capacities, as well as dismissal of Defendants Lee, Sowell, Rainone,
2  Leavitt, Cortez-Masto, Sandoval, Miller, Cox, and McDaniel from this action. In response, Rimer
3  seeks leave to amend his Complaint or a stay of the Court's ruling on the Motion to Dismiss until
4  he is able to have counsel appointed or research additional authorities in opposition.

### *1. Official Capacity Claims for Money Damages*

"[A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Therefore, state officials sued in their official capacities are generally entitled to immunity under the Eleventh Amendment, unless they are sued for prospective injunctive relief. Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007).

Rimer's Amended Complaint seeks monetary damages against all Defendants in their individual and official capacities. Rimer's claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment and therefore must be dismissed. This dismissal is with prejudice, as amendment would be futile. However, Rimer's official capacity claims for prospective injunctive relief are not barred by the Eleventh Amendment and may proceed.

### *2. Claims Against Defendants Lee and Sowell*

In his Amended Complaint, Rimer alleges that Defendants Lee and Sowell violated his privacy rights under the Health Insurance Portability and Accountability Act (HIPAA). This allegation is made in Count V of the Amended Complaint, which was dismissed with prejudice in the Court's Screening Order. ECF No. 9 at 8-9. The Amended Complaint does not contain any additional allegations against Defendants Lee and Sowell, nor are they included in any other counts. Therefore, Defendants Lee and Sowell are dismissed from this action.

### *3. Claims Against Defendants Rainone, Leavitt, Cortez-Masto, Sandoval, Miller, Cox, and McDaniel*

Defendants argue that the allegations in Rimer's Amended Complaint are insufficient to show that each of these remaining Defendants personally participated in the alleged constitutional violations. Generally, under 42 U.S.C. § 1983, "[l]iability arises . . . only upon a showing of

personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). This causal connection can be established by "setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Id. (alterations in original) (citations and internal quotation marks omitted).

A supervisor, therefore, "can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

In his Amended Complaint, Rimer alleges that Defendants Jamie Rainone (HDSP Grievance Coordinator) and Cary Leavitt (HDSP Grievance Supervisor) were deliberately indifferent to his medical needs. The only facts alleged with respect to Defendants Rainone and Leavitt in the Amended Complaint are that they "participated directly with all co-defendants by coordinating paperwork [and] grievances for their co-parts, and did therefore act with acquiescence to the cruel and unusual punishment outlined therein, causing injury to Plaintiff." Am. Compl. at 4(c). Rimer does not allege that Rainone or Leavitt were personally involved in any decision to delay or deny him medical treatment, nor does he allege any facts to support a finding that these defendants acquiesced in a constitutional deprivation by others over whom they had authority. Rimer also does not allege that these defendants were the ones to actually respond to his grievances; however, even if he had, the Court would not find in this case that responding to his grievances, without more, would be sufficient to establish personal participation at the pleading stage. Therefore, Defendants Rainone and Leavitt are dismissed from this case.

With respect to Defendants Cortez-Masto, Sandoval, Miller, Cox, and McDaniel, Rimer's only allegations are that he sent legal notices to them on July 4, 2013 informing them that his constitutional rights were being violated by the lack of dental treatment. Am. Compl. at 3(b). However, Rimer also alleges that he was seen by a dental provider on July 17, 2013 and again on July 30, 2013. Rimer does not allege that these defendants were subsequently notified of, and failed to prevent, any specific acts that deprived Rimer of his constitutional rights. Therefore, Rimer has not alleged sufficient facts for the Court to infer that Defendants Cortez-Masto, Sandoval, Miller, Cox, and McDaniel had any personal involvement in any deliberate indifference to his medical needs, that they were reckless or callously indifferent to his rights, or that they acquiesced in any unconstitutional acts by others over whom they exercised control. These Defendants are dismissed from this case. Consequently, Defendants' Partial Motion to Dismiss is granted.

**B. Rimer's Motions to Amend Complaint (ECF Nos. 38, 50)**

Rimer has filed several motions seeking to amend his complaint. ECF Nos. 38, 50. Amendment of pleadings, if requested before the deadline to do so, is governed by Rule 15 of the Federal Rules of Civil Procedure. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006). Rule 15 states that courts should freely grant a party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). Prejudice is the "touchstone" of the Rule 15(a) analysis and therefore receives the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment has the burden of showing prejudice. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there

exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

After review of the parties' briefs and the Foman factors, the Court finds that leave to amend must be denied as to Defendants Lee, Sowell, Rainone, Leavitt, Cortez-Masto, Sandoval, Miller, Cox, and McDaniel because amendment would be futile. An amendment is futile when the plaintiff can prove no set of facts under the amendment that would constitute a valid claim. Sweaney v. Ada Cnty., 119 F.3d 1385, 1393 (9th Cir. 1997). In his motions to amend, Rimer has not identified any additional facts that would enable the Court to infer that the above-named defendants personally participated in any of the alleged constitutional violations.[2] At the hearing on August 31, 2015, the Court asked Rimer whether, if he were permitted to amend his complaint, he could allege any additional facts against the above-named Defendants that would state a claim against them for deliberate indifference to his medical needs. Although Rimer claimed that he would be able to uncover additional facts with discovery, he was not able to identify any such facts at the hearing. Therefore, based upon the arguments and facts presented by Rimer in support of his motions to amend, the Court can identify no set of facts that would constitute a valid claim against these defendants. The mere belief that he may be able to discover such facts is not enough to state a claim for relief. See Iqbal, 556 U.S. at 678-79 ("Rule 8 [of the Federal Rules of Civil Procedure] marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

The Court notes that Rimer has filed several additional motions in which he attempts to supplement his motions to amend with additional facts and argument as to the issue of personal participation of Defendants Rainone, Leavitt, Cortez-Masto, Sandoval, and Miller. ECF Nos. 76, 120, 125. The Court declines to consider these additional briefs. The Local Rules of Practice of this District allow for the filing of a motion, a response, and a reply. LR II 7-2. Nothing in the Local Rules authorizes surreplies or additional briefs or motions in support of an already-filed motion. Surreplies are highly disfavored and courts in this district routinely interpret Local Rule

---

[2] Rimer does not allege any additional facts at all as to Defendants Lee and Sowell.

- 8 -

7-2 to allow filing of surreplies only by leave of court and only to address new matters raised in a reply to which a party would otherwise be unable to respond. See, e.g., FNBN-RESCON I LLC v. Ritter, 2014 WL 979930 at *6 (D. Nev. Mar. 12, 2014); Lasko v. Am. Bd. of Surgery, 2014 WL 300930 at *1 (D. Nev. Jan. 27, 2014). Here, Rimer filed two motions to amend his Complaint in which he had the opportunity to allege additional facts showing personal participation. He also had the opportunity to file reply briefs to address the arguments raised by Defendants in opposition to his motions. While the Court construes Rimer's pleadings liberally in recognition of the fact that he is proceeding *pro se* in this matter, he is still required to follow the procedural rules of this District. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). Therefore, the Court will not consider Rimer's additional briefs, which were filed without leave of the Court.[3]

Rimer's proposed amendment would be futile because he cannot present any set of facts that would state a valid claim against Defendants Lee, Sowell, Rainone, Leavitt, Cortez-Masto, Sandoval, Miller, Cox, and McDaniel. Rimer's Motions to Amend Complaint (ECF Nos. 38, 50) are denied on this basis. To the extent that the Court partially granted Rimer's motions to amend in its Minute Order issued on September 30, 2015, this written Order controls and the rulings made in the Minute Order are modified as set forth above. See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (internal quotation marks omitted).

V.   **CONCLUSION**

For the reasons stated in this opinion,

**IT IS ORDERED** that Defendants' Partial Motion to Dismiss (ECF No. 35) is GRANTED. Defendants Lee, Sowell, Rainone, Leavitt, Cortez-Masto, Sandoval, Miller, Cox, and McDaniel are DISMISSED from this action with prejudice.

---

[3] Even if the Court were to consider the additional facts alleged in Rimer's supplemental motions and briefs, it would find that they were insufficient to establish either personal participation by Defendants Lee, Sowell, Rainone, Leavitt, Cortez-Masto, Sandoval, Miller, Cox, and McDaniel, or a causal connection between these defendants' actions and the constitutional violations alleged.

1    **IT IS FURTHER ORDERED** that Plaintiff's Motions to Amend Complaint (ECF Nos. 38, 50) are DENIED. To the extent the Court ruled otherwise in its Minute Order issued on September 30, 2015, it reconsiders that decision and this written Order controls. Plaintiff's Amended Complaint (ECF No. 6) shall be the operative Complaint in this action.

**IT IS FURTHER ORDERED** that Defendants shall file and serve their Answer to the Amended Complaint by **May 5, 2016.** The parties shall then proceed with discovery in the normal course as to those claims and Defendants remaining in this case.

**IT IS FURTHER ORDERED** that Plaintiff's supplementary motions in support of his Motions to Amend Complaint (ECF Nos. 76, 120, 125) are DENIED. To the extent the Court ruled otherwise in its Minute Order issued on September 30, 2015, it reconsiders that decision and this written Order controls.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to File Amended Complaint (ECF No. 204) is DENIED AS MOOT.

**DATED**: April 21, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**