UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STANLEY RIMER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA ex rel NEVADA DEPARTMENT OF CORRECTIONS et al.,<br><br>　　　　　　Defendant. | Case No. 2:14-cv-00889-RFB-CWH<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER |

　　　　Before the Court for consideration is Plaintiff's Motion to Reconsider its order granting Defendant's Partial Motion to Dismiss and denying Plaintiff's Motion to Amend his Complaint. ECF No. 212.

**I.　PROCEDURAL BACKGROUND**

　　　　On June 6, 2014, Defendants petitioned to remove this case to this Court. ECF No. 1. On June 30, 2014, Plaintiff filed his Amended Complaint alleging six counts and naming twenty-two individuals as Defendants. ECF No. 6. Count I, II, and III were construed as claims for deliberate indifference to serious medical needs under the Eighth Amendment of the U.S. Constitution. ECF No. 9. Count IV was dismissed at the screening stage because the Court determined Plaintiff failed to state a claim for conspiracy. ECF No. 9. Count V was dismissed at the screening stage because the Court determined Plaintiff failed to state a claim under HIPAA, which does not provide a private right of action. ECF No. 9. Count VI survived the screening stage, but was recently dismissed on August 25, 2015, for failure to effect timely service as required by Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 195.

On February 2, 2015, Defendants filed a Motion to Dismiss. ECF No. 35. On February 15, 2015, Plaintiff filed a Motion to Amend his Complaint. ECF No. 38. On March 5, 2015, Plaintiff filed another Motion to Amend his Complaint. ECF No. 50. Plaintiff filed supplementary motions in support of his motion to amend on March 30, 2015 (ECF No. 76); April 24, 2015 (ECF No. 120); and April 27, 2015 (ECF No. 125). On September 30, 2015, Plaintiff filed a Motion to Extend Time to File his Amended Complaint. ECF No. 204. On April 21, 2016, this Court issued an Order granting Defendant's partial motion to dismiss with prejudice; denying Plaintiff's motion to amend, and directing Defendants to file an answer by May 5, 2016; denying Plaintiff's supplemental motions in support of his motion to amend; and denying as moot Plaintiff's motion to extend time. ECF No. 208.

## II. FACTUAL BACKGROUND

The following alleged facts were reviewed in the both the Screening Order (ECF No. 9) and this Court's order (ECF No. 208). In May 2012, Rimer began experiencing, pain swelling, and infection from a molar that needed filling and a broken crown on another tooth. In June 2012, Rimer requested dental treatment, but was not seen. In May 2013, Rimer made a second request for dental treatment, but High Desert State Prison ("HDSP") dental providers did not respond until July 7, 2013. On July 4, 2013, Rimer submitted legal notice to Defendants Sandoval, Masto, Miller, Cox, McDaniel, Neven, and Wickham alleging deprivation of proper dental treatment at HDSP. On July 17, 2013, Rimer was seen for dental treatment, at which time Rimer's molar needed to be extracted. However, Rimer was not treated for a second molar and bleeding gums at this time. On July 30, 2013 Rimer was treated for his second molar. Rimer also alleges that he notified HDSP medical staff in 2012 about a ringing/pulsating noise in his left ear. Several doctors gave differing explanations, but none gave any treatment. In February 2014, Rimer was seen at Lovelock for his ear and was prescribed a beta blocker medication. Additionally, the doctor informed Rimer his blood pressure was the cause and that during the 18-20 month period of non-treatment he suffered from serious risk of heart attack, stroke, and death. Rimer also alleges that he was denied proper medication on two separate occasions. Finally, Rimer alleges he was

1  subjected to unnecessary risk of permanent psychological damage from being prescribed
2  Risperdal.

### III. LEGAL STANDARD

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted) (internal quotation marks omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir.2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson v. Pardus, 551 U.S. 89, 94 (2003) (citations omitted).

### IV. DISCUSSION

Defendants in their Partial Motion to Dismiss (ECF No. 35) requested dismissal of all claims for monetary damages against Defendants in their official capacities, as well as dismissal of Defendants Lee, Sowell, Rainone, Leavitt, Cortez-Masto, Sandoval, Miller, Cox, and McDaniel

from the action. Plaintiff sought leave to amend his complaint or a stay of the Court's ruling until he could obtain counsel or conduct additional research.

This Court's order (ECF No. 208) granted Defendant's Partial Motion to Dismiss. This Court found that Rimer's claims for monetary damages against Defendant's acting in their official capacities were barred by the Eleventh Amendment, but his claims for prospective injunctive relief were allowed to proceed. Moreover, the Court found that Plaintiff's claims against Defendants Lee and Sowell for HIPAA violations were dismissed at the screening stage, and no other allegations are made against these Defendants in the amended complaint. Also, the Court held that Plaintiff failed to state a claim under 42 U.S.C. § 1983 because he failed to show Defendants Rainone, Leavitt, Cortez-Masto, Sandoval, Miller, Cox, and McDaniel personally participated in the alleged constitutional violation. Accordingly, this Court dismissed each of these Defendants from this action with prejudice.

Additionally, this Court denied Plaintiff's Motion to Amend his Complaint because the proposed amendment would be futile. So, Defendant was directed to file an answer. Further, this Court held that it would not consider Rimer's additional briefs because they were filed without leave of the Court. Finally, this Court denied Plaintiff's Motion to Extend Time to File an Amended Complaint as moot.

In his motion to reconsider, Plaintiff argues that this Court's order contradicts precedent "governing the unlawful deprivation of rights of state prisoners" by state officials acting in their official capacity. ECF No. 212. However, Defendant argues that Plaintiff's arguments are only generalized expressions of disagreement and do not provide a basis for reconsideration. ECF No. 213. This Court finds that Plaintiff broadly asserting that this Court's order contradicts controlling precedent cannot serve as a basis for reconsideration. Plaintiff has not provided newly discovered evidence to support this argument. Nor has he demonstrated the Court committed clear error. Finally, Plaintiff does not cite to any legal precedent to demonstrate there has been an intervening change in the law.

Further, in his motion to reconsider, Plaintiff argues that his Fourteenth Amendment Due Process rights were violated because he was not given fair notice. ECF No. 212. Plaintiff cites two

cases in support of this argument—Clark v. Brown, 450 F.3d 898 (9th Cir. 2006), and Brown v. Payton, 544 U.S. 133 (2004). However, Defendant argues that Clark and Brown do not compel a different result, and that Plaintiff was provided fair notice because he fully participated in this matter. ECF No. 213.

Plaintiff's argument is without merit. First, he has not shown how he lacked notice in the context of this litigation. Nor has he shown how this issue of "notice" applies in support of his motion. Plaintiff has not provided any newly discovered evidence showing he was not afforded fair notice. And he has not shown that this Court committed clear error in this regard. Both cases cited by Plaintiff are inapposite to the case at hand. In Clark, the Ninth Circuit held that retroactively applying a new interpretation of California's felony-murder special circumstances statute violated the defendant's due process rights. Clark, 450 F.3d at 916. In Payton, the Court reversed a lower court's grant of habeas relief. Neither of these cases supports Plaintiff's fair notice argument.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 212) is DENIED because Plaintiff has failed to provide adequate grounds for this Court to reconsider its order (ECF No. 208).

**DATED**: March 28, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**