# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

STANLEY RIMER,

Plaintiff,

v.

STATE OF NEVADA ex rel NEVADA DEPARTMENT OF CORRECTIONS et al.,

Defendants.

Case No. 2:14-cv-00889-RFB-CWH

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER

Before the Court for consideration is Plaintiff Stanley Rimer ("Plaintiff")'s Motion to Reconsider the Magistrate Judge's order denying Plaintiff's Motion for Extension of Time and Motion for Enlargement of Number of Requests for Admissions. ECF No. 231.

## I. PROCEDURAL BACKGROUND

The Court incorporates the procedural background from its order of March 28, 2017, denying Plaintiff's earlier Motion to Reconsider. ECF No. 244.

## II. FACTUAL BACKGROUND

The Court incorporates the factual background from its order of March 28, 2017, denying Plaintiff's earlier Motion to Reconsider. ECF No. 244.

## III. LEGAL STANDARD

"As long as a district court has jurisdiction over the case, then it possesses the inherent

procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted) (internal quotation marks omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson v. Pardus, 551 U.S. 89, 94 (2003) (citations omitted).

## IV. DISCUSSION

In an order dated November 28, 2016, Magistrate Judge Carl Hoffman entered an order denying Plaintiff's requests for extension of time and for enlargement of number of requests for admissions. ECF No. 231. Following an order to serve Defendants with revised requests for admissions by October 17, 2016, Plaintiff allegedly attempted to re-serve Defendants with unrevised requests for admissions close to the deadline. Magistrate Judge Hoffman found that Local Rule 26-4 requires a request to extend a scheduled deadline for discovery to specify reasons why the deadline was not met, and provide good cause for an extension. In the instant Motion, Plaintiff argues that he specified good cause both for why the deadline for requests for admission could not be met, and for the request for extension of time. He asserts the Due Process Clause of

the Fourteenth Amendment to the United States Constitution as grounds for good cause. Plaintiff also argues that irreparable damage will result should the Court not reconsider the Magistrate Judge's order, as he will be prevented from discovering the truth and restricted in his ability to prepare for a jury trial. Plaintiff contends that a limit of thirty total requests for admissions is inadequate, as there are "over 30 documents involved in this case, numerous defendants, numerous issues [and] grievances . . . ." ECF No. 231. In Plaintiff's Motions for Extension of Time to Resubmit Requests for Admissions and for Enlargement of Number of Requests for Admissions, Plaintiff asked the Court to allow 25 requests for admissions per Defendant. ECF Nos. 225, 226.

The Court does not find that Plaintiff presents any compelling grounds for reconsideration. He does not present newly discovered evidence, show that the Magistrate Judge committed clear error, or demonstrate an intervening change in controlling law such that reconsideration of the Magistrate Judge's order is warranted. Although the Court liberally construes the Motion, it does not find good cause of an extension of time or for an enlargement of the number of requests for admission. Merely alleging that the Court is infringing upon Plaintiff's right to Due Process is not sufficient to establish good cause to permit Plaintiff to serve 25 requests for admissions on every defendant in the case.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider Magistrate Judge's Order (ECF No. 231) is DENIED, as Plaintiff has not established good cause for an extension of time or for enlargement of the number of requests for admissions.

DATED this 14th day of September, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**