UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Stanley Rimer, | Case No. 2:14-cv-00889-RFB-CWH |
| Plaintiff, | ORDER |
| v. | Defendant's Motion for Summary Judgment, ECF No. 235 |
| Dwight Neven, *et al.* | |
| Defendants. | |

## I.    INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment (ECF No. 235). For the reasons stated below, the Court Grants Defendants' motion.

## II.    BACKGROUND

Plaintiff's Amended Complaint, filed on June 30, 2014, alleges six causes of action against 24 defendants. Subsequent to this Court's screening order and decision on the Motion to Dismiss in this case, the following causes of action against the following defendants remain: a claim for deliberate indifference to serious medical need, in violation of the Eighth Amendment, pursuant to 42 U.S.C. 1983, against Defendants Dwight Neven, Harold Wickham, Jennifer Nash, Timothy Filson, Frank Dreesen, Jerry Howell, Joseph Hanson, Romeo Aranas, Cynthia Sablica, and Linda Adams.

Defendants filed their Motion for Summary Judgment on January 30, 2017. (ECF No. 235). Plaintiff was granted an extension of time to respond until April 6, 2017. (ECF No. 243). Plaintiff did not file a Response at that time, and instead filed another Motion to Extend Time to Respond (ECF No. 245), which Defendants opposed. Plaintiff's Reply to that opposition also included

responsive arguments to the Motion for Summary Judgment (ECF No. 247). The Court granted the Motion to Extend Time, and construed Plaintiff's Reply (ECF No. 247) as, additionally, a Response to the Motion for Summary Judgment.

On July 14, 2017, the Court held a hearing as to Defendants' Motion for Summary Judgment.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

Where the party seeking summary judgment does not have the ultimate burden of persuasion at trial, it "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its [initial] burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If the movant has carried its initial burden, "the nonmoving party must produce evidence to support its claim or defense." Id. at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). However, the ultimate burden of persuasion on a motion for summary judgment rests with the moving party, who must convince the court that no genuine issue of material fact exists. Nissan Fire, 210 F.3d at 1102.

## IV.    UNDISPUTED FACTS

The Court incorporates its findings of undisputed facts articulated during the hearing on July 14, 2017.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Lovelock Correctional Center in Lovelock, Nevada. On or about May 17, 2013, while housed at High Desert State Prison in Indian Springs, Nevada, Plaintiff submitted a "third request for dental treatment" complaining of an abscessed tooth and/or broken crown. In response to that request, prison dental staff informed Plaintiff that they had not received any other kites or requests related to the requested treatment, and that Plaintiff would be seen by the dental provider in the order in which his request was received.

On July 4, 2013, Plaintiff submitted another request for dental treatment stating that he had "teeth that need repaired, filling, crown." In response to Plaintiff's July 4, 2013 request, prison dental staff informed Plaintiff that he would be seen when his name came up chronologically on the list of prisoner requests.

On July 16, 2013, Plaintiff was examined and treated by Defendant Hanson, a dentist employed by the NDOC at High Desert. During the July 16, 2013 appointment, Dr. Hanson extracted Plaintiff's tooth. On July 17, 2013, Plaintiff submitted another request for dental treatment stating that he needed a filling for a molar. On July 30, 2013, Plaintiff was again examined by Dr. Hanson. During the July 30, 2013 appointment, Dr. Hanson determined that Plaintiff's tooth was non-restorable, and offered to extract it. Plaintiff declined the offer.

Plaintiff submitted a first and second-level grievance for not receiving adequate care related to his dental issues. The first-level grievance responder found that Mr. Rimer had been examined by medical staff on multiple occasions in 2013. His second-level grievance was denied by Dr. Aranas on December 26, 2013, based on his having been seen by a dental provider twice in July 2013.

Dr. Aranas also examined Plaintiff twice in 2012, in response to complaints about a ringing/pulsating noise in his ear, as well as a skin condition. In each instance, Dr. Aranas determined there was no need for treatment. During an August 2012 examination, he tested

Plaintiff's blood pressure and found it to be within acceptable limits.

On or about January 23, 2014, Plaintiff was transferred to Lovelock Correctional Center. Plaintiff's Amended Complaint asserts that he was treated with beta blockers in February 2014 at Lovelock, for his ear ringing, and was told that his blood pressure was the cause. Rimer also asserts that he was subjected to psychological damage from being prescribed Risperdal.

## V.    DISCUSSION

### A.  Legal Standards

#### 1.  Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006), opinion amended on reh'g, No. 04-35608, 2006 WL 3437344 (9th Cir. Nov. 30, 20016). "A prisoner claiming an Eighth Amendment violation [for conditions of confinement] must show: (1) that the deprivation he suffered was objectively, sufficiently serious; and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place." Id. (internal citations and quotation marks omitted). "Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety," and the "circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Id.

#### 2.  Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Qualified immunity is an immunity from suit rather than a defense to liability, and "ensures

that officers are on notice their conduct is unlawful before being subjected to suit." <u>Tarabochia v.</u> <u>Adkins</u>, 766 F.3d 1115, 1121 (9th Cir. 2014). In deciding whether officers are entitled to qualified immunity, courts consider, taking the facts in the light most favorable to the nonmoving party, whether (1) the facts show that the officer's conduct violated a constitutional right, and (2) if so, whether that right was clearly established at the time. <u>See id.</u> Under the second prong, courts "consider whether a reasonable officer would have had fair notice that the action was unlawful." <u>Id.</u> at 1125 (internal quotation marks omitted). While a case directly on point is not required in order for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." <u>Ashcroft v. al-Kidd</u>, 131 S.Ct. 2074, 2083 (2011). This ensures that the law has given officials fair warning that their conduct is unconstitutional. Further, the right must be defined at "the appropriate level of generality… [the court] must not allow an overly generalized or excessively specific construction of the right to guide [its] analysis." <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1288 (9th Cir. 2000); <u>see also al-Kidd</u>, 131 S.Ct. at 2084. The plaintiff bears the burden of proving that the right was clearly established. <u>Id.</u> at 1125.

### B. Discussion

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical and dental needs. Specifically, Plaintiff alleges that Defendants ignored his requests for treatment, for two and a half months, regarding dental pain, a blood pressure condition, and a skin condition.

### 1. Dr. Hanson

Defendants argue that Dr. Hanson, an NDOC dental provider who attended to Plaintiff, is entitled to summary judgment on the merits of the Eighth Amendment claim, as well as on the basis of lack of personal participation, and qualified immunity.

Plaintiff's allegations related to Dr. Hanson are that Plaintiff submitted a legal notice to him in July 2013 regarding his inability to obtain dental treatment; that Dr. Hanson "refused to address treatment for Plaintiff's second molar and bleeding gums" at a July 17, 2013 appointment; that he did not offer to do a filling or root canal on July 30, 2013; and that Dr. Hanson coordinated efforts to deny Plaintiff's grievances.

The Ninth Circuit has established a two-part test for deliberate indifference to a serious

medical need: First, the plaintiff must establish a serious medical need, meaning that failure to treat the condition could result in "significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Second, the plaintiff must demonstrate the defendant's deliberate indifference to the need, meaning that the prison official "knows of and disregards an excessive risk to inmate health." Id. The defendant's indifference must be intentional. Jett, 439 F.3d at 1096. Further, the plaintiff must show that harm resulted from the defendant's indifference. Id.

"[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a 1983 claim." Franklin v. State of Or., 662 F.2d 1337, 1344 (9th Cir. 1981). To the extent Plaintiff claims Dr. Hanson violated his rights by offering to extract his tooth rather than provide a root canal, based on his assessment of the appropriate medical options available, a difference of opinion in terms of Plaintiff's view of the availability of a root canal remedy does not establish a valid Eighth Amendment claim. Plaintiff has admitted that Dr. Hanson did offer to extract his tooth, upon a determination that it was not restorable, and therefore he was not deliberately indifferent to any serious medical need.

Alternatively, the Court finds that Dr. Hanson would be entitled to qualified immunity. Plaintiff has not point to any clearly established precedent that would show that declining to provide Plaintiff's requested treatment, subsequent to a medical examination, would violate Plaintiff's Eighth Amendment rights, and the Court is not aware of any such precedent. In fact, pursuant to Franklin, supra, Plaintiff has not raised any constitutional violation on Dr. Hanson's part.

Plaintiff also argues that Dr. Hanson is culpable for the denial or his grievances, and a 2.5-month delay in responding to his grievance. Dr. Hanson has stated in an affidavit that he was not involved in the process of coordinating or responding to inmate grievances, and Plaintiff has presented no evidence that he was personally involved in that process.

Therefore, the Court grants summary judgment in favor of Defendant Hanson.

**2. Dr. Aranas**

Defendant Aranas is an NDOC medical provider and NDOC Medical Director. Plaintiff

alleges that Dr. Aranas failed to act in response to Plaintiff's dental grievances; that sometime in 2012 Dr. Aranas examined Plaintiff but provided no treatment or testing for a ringing or pulsating ear noise Plaintiff experienced; and that Dr. Aranas was involved in coordinating efforts to deny Plaintiff's grievances.

The undisputed evidence shows that Dr. Aranas did examine Plaintiff, and conduct a test of Plaintiff's blood pressure, in response to the complaints about ringing in his ear. Dr. Aranas determined that no treatment was necessary. This does not amount to deliberate medical indifference under the Eighth Amendment and Section 1983. Plaintiff has also presented no evidence that harm resulted from this course of treatment. He has merely alleged that different doctors, at a different facility, decided on a different assessment and course of treatment. Plaintiff has presented no evidence of Dr. Aranas' involvement in coordinating review of grievances.

Therefore, the Court grants summary judgment in favor or Dr. Aranas.

### 3. Nurses Adams and Sablica

Plaintiff alleges that Nurses Adams and Sablica were the staff receiving Plaintiff's kites for medical and dental treatment, and that they refused to schedule appointments for Plaintiff's dental needs promptly.

The undisputed evidence shows that Nurse Adams responded to four informal-level medical or dental grievances submitted by Plaintiff. She denied two on the basis of Plaintiff having already received or been offered treatment for the complaint specified in his grievance. She denied a grievance related to medication that he had been taking for over a year, for which he had an opportunity to discuss the prescription with staff; and granted a grievance concerning a prescription he needed for a blood pressure medication.

The undisputed evidence shows that Nurse Sablica reviewed one of the grievances related to Plaintiff wanting to discontinue a medication, Risperdal, based on her determination that Plaintiff had consented to take the medication in June 2011, had agreed to a dosage increase in September 2011, and had the right to refuse or stop taking the medication at any time.

Therefore, the undisputed evidence shows no deliberate indifference or unconstitutional response to Plaintiff's grievances. At the hearing on this motion, Plaintiff raised arguments about

a 2.5-month delay in response to one of his grievances about his medical condition. Such a delay alone does not suffice to create a claim for deliberate indifference to a serious medical need, particularly when all of Plaintiff's grievances were responded to and addressed in the order in which they were submitted, relative to other inmates' requests.

### 4. Warden and Associate Warden Defendants: Neven, Wickham, Nash, Filson, Dreesen, Howell

Remaining Defendants are custodial staff who were solely responsible for screening grievances for procedural defects. Plaintiff's general allegations that these Defendants failed to act or intervene to provide him with dental or medical care do not amount to a claim of a constitutional deprivation. There is no evidence or specific allegation as to these Defendants tampering with or deliberately ignoring Plaintiff's grievances, and on the undisputed facts, they were not responsible for providing any medical or dental treatment. Plaintiff only generally alleges delays in receiving treatment.

In the alternative, Defendants Neven, Wickham, Nash, Filson, Dreesen, and Howell are entitled to qualified immunity, as Plaintiff has not established that they violated any of his clearly established constitutional rights.

Therefore, the Court grants summary judgment in favor of the remaining warden defendants.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## VI. CONCLUSION

Plaintiff has raised no evidence to contradict the evidentiary representations of Defendants.

On the basis of the undisputed factual record, Plaintiff's claims against all Defendants fail; furthermore, all Defendants are, in the alternative, entitled to qualified immunity, as Plaintiff has not established that they violated any of his clearly established constitutional rights.

Therefore, the Court GRANTS Defendant's Motion for Summary Judgment. ECF No. 235. The Clerk of Court is instructed to close this case.

DATED: September 21, 2017.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**